**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STOUT RISIUS ROSS, INC.,<br>a Michigan corporation, | ) | |
| | ) | |
| Plaintiff, | ) | No.15 C 9298 |
| | ) | |
| v. | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| PEOPLE CARE HOLDINGS, INC.,<br>a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant has filed, in eight abbreviated paragraphs, a motion that asks to continue fact

discovery, expert disclosures and the dates for the filing of dispositive motions, "pending settlement

negotiations." [Dkt. #35]. The Motion did not acknowledge that the court adopted the discovery

schedule proposed *by the parties*.[1] The motion states in conclusory form that additional time is

needed for discovery because this is not a simple "damages prove-up case." [Dkt. #35, ¶6]. It goes

on to say that the request for extension is timely and seeks to extend fact discovery to 11/30/16, with

expert discovery to be completed by 1/31/17. Dispositive motions are to be filed, according to the

motion, by 2/28/17. The motion contends that the question of indemnification for attorneys fees and

costs under ERISA is far more complex than the plaintiff acknowledges and "will require substantial

discovery" if the parties "cannot reach an accord in their current settlement negotiations." [Dkt. #35

---

[1] In fact, Paragraph 1 of the Motion states that the court "circulated a Notification of Docket Entry setting forth discovery deadlines in this matter." The docket entry [Dkt. #29] expressly provided that the court was adopting the discovery schedule to which the parties had agreed and which they suggested to the court.

at ¶6]. This history of these "negotiations" is not discussed in the motion. Finally, the Motion notes that the plaintiff's counsel objects to any extension.

The plaintiff's Response consists of five brief paragraphs. It argues essentially that there was ample time to take discovery under the agreed to discovery schedule, and that the defendant "has not initiated any formal discovery." [Response, Dkt. #38 at 1]. The Response further states that the defendant's account receivable had been delinquent for almost four years, and that the plaintiff is "prejudiced by every day that passes without getting paid." The Response concludes: "As for pending settlement negotiations as bases for extending the discovery deadline, we note only that as of filing of this Response, defendant has made no offers of settlement. So, we really do not know to what negotiations defendant's Motion refers." [Dkt. #38 at 2].

The defendant's Reply consists of eight unnumbered pages, not a single allegation of which could not and should not have been in the Motion. "A reply brief is for replying, not for raising a new ground," *Hussein v. Oshkosh Motor Truck Company*, 816 F.2d 348, 360 (7th Cir. 1987)(Posner, J., concurring), or for advancing a position that could have been advanced in the opening brief. Delaying the presentation or development of an argument until the reply brief in order either to get the last word or to develop the argument in the first place is not only unfair to one's opponent – it is a form of "sandbagging,"*Otto v. Variable Annuity Life Insurance. Co.*, 134 F.3d 841, 854 (7th Cir. 1998) – it is unfair to the court. It can effectively result in a one-sided presentation on the delayed or developed argument, which in turn can adversely affect the accuracy of the judicial process, which depends on comprehensive and adversarial presentations. *Cf., United States v. Cronic*, 466 U.S. 648, 655 (1984); *Adamson v. California*, 332 U.S. 46, 59 (1947) (Frankfurter, J., concurring); *Alioto v. Town Of Lisbon,* 2011 WL 2642369, 5 (7th Cir. 2011); *Burdett v. Miller*, 957 F.2d 1375, 1380 (7th

Cir. 1992). And, withholding arguments until a reply brief can result in an inefficient use of judicial resources, *see Otto*, 134 F.3d at 854, and "divert[s] time from litigants in other cases patiently waiting in the queue for the limited time of federal judges." *Channell v. Citicorp Nat. Services, Inc.*, 89 F.3d 379, 386 (7th Cir. 1996).

Thus, arguments raised essentially for the first time or first developed in a Reply brief are often deemed waived. *See Dexia Credit Local v. Rogan,* 629 F.3d 612, 625 (7th Cir. 2010); *United States v. Boyle,* 484 F.3d 943, 946 (7th Cir. 2007); *United States v. Alhalabi*, 443 F.3d 605, 611 (7th Cir. 2006); *Bodenstab v. County of Cook*, 569 F.3d 657, 658 (7th Cir. 2009). Nonetheless, courts have authority to allow the filing of a sur-reply rather than refusing to consider the belatedly advanced or developed argument. *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999), *cert. denied* 528 U.S. 1188 (2000); *Beard v. Seagate Technology*, 145 F.3d 1159 (10th Cir. 1998); *Commonwealth Edison v. NRC*, 830 F.2d 610, 621 (7th Cir. 1987); *Fenster v. Tepfer & Spitz, Ltd.*, 301 F.3d 851, 859 (7th Cir. 2002). Allowing the filing of a sur-reply ensures the aggrieved party's right to be heard and the court's vital interest in having a full presentation from both sides. However, the court has the inherent discretion as to how to proceed. *Cf. Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Langnes v. Green*, 282 U.S. 531, 541 (1931).

The plaintiff has not moved to strike the argument and authority not advanced meaningfully, if at all, until the Reply brief. It is thus not necessary to reach the question of whether this is an appropriate case for invocation of the waiver doctrine or one in which that doctrine should be raised by the court *sua sponte*. Nonetheless, I have the discretion not to consider the rather detailed exegesis in the Reply of the *Douglin* litigation or the factual details alleged in the Reply that could easily and should have been advanced in the Defendant's Motion to prove that "good cause" underlies the

Motion. [Dkt. #35 at ¶6].

It is significant that the defendant's Reply [Dkt. #39] does not respond to the allegation that the movant has not initiated any form of discovery, has made no offers of settlement, and that the Defendant's counsel does not know to what negotiations the Motion refers. In short, there would appear to be a good deal of strength to the Plaintiff's contention that the Motion "offers no compelling reason for extending the discovery schedule except to catch up for time lost by [defendant's] idleness." [Dkt. #38 at 2]. And finally, it should be noted that the defendant's Reply now "amend[s]" its request. But no date is given for responses and replies to dispositive motions. This effectively means that the dispositive motions will not be completed until 4/15/17, which date does take into account time for responses and replies.

The reason for the Motion is the defendant's claimed realization that the "plaintiff's work is far more complex, and will require substantial discovery if [the parties] cannot reach an accord in their current settlement negotiations." [Dkt. #39 at unnumbered p. 7]. All this, of course, would have been known long ago to the defendant, and in any event, "complex[ity]" of the plaintiff's work is for the plaintiff to allege, not the defendant. And the plaintiff has made no such claim.

The Motion to Continue Discovery Deadlines [Dkt. #35] is therefore denied. However, the parties should be given a chance to resolve amicably the present dispute. Settlement of cases is a favored avenue of dispute resolution in the federal courts. *Marek v. Chesny*, 473 U.S. 1 (1985). Indeed, most cases today are settled and not disposed of by trial. *United States v. Dawson*, 425 F.3d 389 (7th Cir. 2005)(Posner, J.). If the parties have any desire to settle – and of course they cannot be forced to do so, *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 650 (7th Cir. 1989)(*en banc*) – they should meet immediately.

To that end, some discovery may be necessary – although due regard must be had for the defendant's failure to initiate any discovery thus far. Accordingly, fact discovery will close by 10/7/16. Expert disclosures by both parties will occur simultaneously (if they desire to have an expert at all) and not later than 10/17/16.[2] Expert depositions will occur not later than 11/10/16. Dispositive motions will be due 30 days after the close of expert discovery on 12/9/16. Any response brief must be filed not later than 12/16/16 and any reply brief must be filed by 12/23/16.

The parties should keep in mind their respective obligations to each other and to the court to cooperate with opposing counsel as a colleague in the preparation of a case for trial. *Pioneer Drive, LLC v. Nissan Diesel America, Inc.*, 262 F.R.D. 552, 554 (D.Mont. 2009). And they should remember that the sporting theory of justice was long ago replaced by the Federal Rules of Civil Procedure, which regards secrecy as uncongenial to truth seeking and trial by ambush as destructive of the overarching goal that cases be justly determined on their merits. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002); *Lancelot Investors Fund, L.P. v. TSM Holdings*, *Ltd.,* 2008 WL 1883435, 3-4 (N.D.Ill. 2008). Hence, counsel in this case must cooperate fully with each other in scheduling and taking depositions and responding to *proper* discovery. Extended and improper discovery requests made at this late date will not be tolerated.

ENTERED: _____

UNITED STATES MAGISTRATE JUDGE

DATE: 9/2/16

--------------------------------------------------

[2] There is no reason why the parties who were fully aware of the claimed complexity of the case have refrained from making the required disclosures in accordance with the schedule on which they long ago agreed.